AIRD & WATSON, INC., ET AL. v. UNITED STATES

No. 6345.—Invoices dated Kidderminster, England, January 19, 1942, etc.
          Certified February 11, 1942, etc.
          Entered at New York, N. Y., April 7, 1942.
          Entry No. 15989, etc.

(Decided September 10, 1946)

*Jordan & Klingaman* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

COLE, Judge (Abstract): These appeals for reappraisement of various items of merchandise concern the so-called British purchase tax, described in the law of the United Kindgom entitled, "Finance (No. 2) Act 1940 3 & 4 Geo. 6 Ch. 48." The said tax was held not to be an item to be included in foreign value as defined in section 402 (c) of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938 (19 U. S. C. 1940 ed. § 1402 (c)). *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. 183, C. A. D. 334.

On the established facts, I hold export value, section 402 (d) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1402 (d)), to be the proper basis for appraisement of the articles in question, and that such statutory values thereof are the appraised values, less additions made by the importers on entry because of advances in similar cases.

TOBIAS & CO. v. UNITED STATES

No. 6346.—Invoices dated Barnstaple, England, August 11, 1941, etc.
          Certified September 2, 1941, etc.
          Entered at New York, N. Y., October 9, 1941, etc.
          Entry No. 718465, etc.

(Decided September 10, 1946)

*Lane & Wallace* (*Thomas M. Lane* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

KEEFE, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:
    (Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the earthenware and chinaware here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases. Insofar as the appeals relate to all other merchandise they are hereby dismissed.

Judgment will be rendered accordingly.